# Court of Appeals
# of the State of Georgia

ATLANTA,  August 07, 2025

*The Court of Appeals hereby passes the following order:*

## A26E0013.  JOSHUA WRIGHT v. BRENDAN MURPHY, JUDGE.

Joshua Wright, proceeding pro se, has petitioned this Court for a writ of prohibition ordering the Superior Court of Cobb County to vacate "void" orders, return "unlawfully seized" property, stay all proceedings, and refer his claims of fraud and color-of-law violations to the Georgia Bureau of Investigation. Wright asserts that the superior court "persists in enforcing jurisdictionally void orders" that were obtained in violation of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), OCGA § 19-9-40 et seq., and that Cobb County violated his due process rights by arresting him "under a magistrate court warrant for 'terroristic threats,' based solely on the fraudulent custody determination[,]" illegally detaining him for 64 days, coercing him into accepting a felony plea, seizing and selling his home without compensation, and denying him remote access to ongoing court proceedings.

Georgia's appellate courts have jurisdiction to issue writs of mandamus and prohibition,[1] but as our Supreme Court recently explained, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus [or prohibition[2]] in [an appellate court] in the first instance, given that superior court

---

[1] See Ga. Const. of 1983, Art. VI, Sec. I, Par. IV.

[2] See generally OCGA § 9-6-40 ("The writ of prohibition is the counterpart of mandamus, to restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction where no other legal remedy or relief is given. The

judges have the power to issue process in the nature of mandamus [or prohibition] against other superior court judges or trial court officials."[3] There is no indication in Wright's filing that he has filed a petition seeking such relief in the superior court.

Until Wright has obtained a ruling from the superior court, there is no basis for this Court to exercise its jurisdiction.[4] This petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 08/07/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

granting or refusal thereof is governed by the same principles of right, necessity, and justice as apply to mandamus[.]").

[3] *Arnold v. Alexander*, 321 Ga. 330, 335 (1) n.6 (914 SE2d 311) (2025).

[4] See *Arnold*, 321 Ga. at 335 (1) n.6.